DOWNEY, Judge.
Palm Beach County Classroom Teachers Association (hereafter referred to as CTA) has perfected this appeal from an order of the School Board of Palm Beach County denying CTA’s request for a hearing pursuant to Section 120.57, Florida Statutes (1980).
In 1980 the Florida Legislature passed a Supplemental Appropriations Act, Chapter' 80-411 § 1 Item 52, Laws of Florida (hereinafter referred to as SAA), in which additional funds were furnished to the various county school boards in Florida. The act specifically provided that:
In the expenditure of the above supplemental appropriation for the FEFP (Florida Educational Funding Program) priority shall be given to salary increases for instructional personnel.
CTA, as the certified bargaining representative of a unit of instructional employees employed by the Palm Beach County School Board, requested the Board to reopen negotiations for the purpose of negotiating salary increases for teachers. At that time a collective bargaining agreement already existed between CTA and the School Board. The Board refused the request, whereupon the CTA filed an unfair labor practice charge with the Public Employees Relations Commission. That charge was dismissed by the Commission and CTA appealed to this court. In due course the Commission order was affirmed.
While the unfair labor practice charge was pending before the Commission, CTA requested the School Board to hold an administrative hearing pursuant to Section 120.57, Florida Statutes (1980), to determine the priority for allocation of the funds appropriated in SAA. On January 21, 1981, the Board entered a “Final Order” denying the CTA request for a hearing. In said order the Board found, among other things, that budgetary hearings had been held and a budget adopted on October 1, 1980, which included the allocation and distribution of the supplementary appropriation in question. Further, the Board noted the fact that the modification of agency budgets is exempt from the rule procedures involving rule making and final agency orders under Chapter 120, Florida Statutes. Finally, the order stated that the School Board is governed by the procedures set forth in Chapter 447, Florida Statutes, in allocating the funds received in the SAA.
From the foregoing order CTA has appealed, contending that it was entitled to an administrative hearing pursuant to Section 120.57, Florida Statutes (1980).
We have considered all of appellant’s arguments in support of its contention and find that CTA fails to demonstrate reversible error. We have no difficulty with appellant’s argument that it is the certified bargaining representative of classroom teachers and that in a proper case it is *1210 entitled to represent the teachers in matters where their interests are substantially determined. However, we hold that the allocation and disbursement of the funds received through the SAA involves the modification of the agency’s budget which entails neither rule making nor an order within the meaning of those terms as set forth in Section 120.52, Florida Statutes (1980). There was, therefore, no necessity for the Board to provide CTA with a hearing required by Section 120.57.
Accordingly, the order appealed from is affirmed.
BERANEK and HURLEY, JJ., concur.